**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3439
_____

BAYVIEW LOAN SERVICING LLC

v.

REZA FARZAN; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC., as nominee for American Mortgage Network, Inc.,
other as nominee for American Mortgage Network, Inc., MRS.
REZA FARZAN, fictitious spouse of Reza Farzan; JOHN DOE#1-50,
said names being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or corporations,
if any, having or claiming an interest in or lien upon the premises being
foreclosed herein; MARY ROE #1-50, said names being fictitious,
it being the intention of plaintiff to designate any and all occupants,
if any, having or claiming an interest in or lien upon the premises being
foreclosed herein,

Reza Farzan,
　　　　　　　Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-17-cv-01796)
District Judge: Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2018
Before:　JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: May 1, 2018)
_____

PER CURIAM

Pro se appellant Reza Farzan appeals the District Court's remand of his state court foreclosure case to the Superior Court of New Jersey, Chancery Division in Monmouth County. For the reasons that follow, we will affirm the District Court's judgment to the extent of our jurisdiction and dismiss the appeal in all other respects.

In May 2016, appellee Bayview Loan Servicing LLC initiated a mortgage foreclosure action against Farzan in state court. Bayview brought the foreclosure action after Farzan defaulted on his mortgage payments for a property. The state court ultimately granted summary judgment to Bayview on March 3, 2017, concluding that it was entitled to foreclosure and possession of the property.

Two weeks later, Farzan removed the matter to federal court. Bayview subsequently moved to remand the case to state court. On November 3, 2017, the District Court granted Bayview's motion to remand based on its determination that it lacked subject matter jurisdiction over the case. Farzan timely appealed while state court proceedings resumed.

We begin by noting our jurisdictional limits in reviewing a remand order. As relevant here, 28 U.S.C. § 1447(d) provides that

[a]n order remanding a case to the State court from which it was removed is

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

> not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section . . . 1443 of this title shall be reviewable by appeal or otherwise.

We thus have jurisdiction to review the District Court's remand order to the extent that Farzan argued that removal was proper under § 1443. See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). However, to the extent that Farzan challenges the District Court's remand order with respect to any bases for removal other than § 1443, we will dismiss his appeal for lack of jurisdiction. See id.

28 U.S.C. § 1443(1) permits removal of a pending state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."[1] It is "a narrow exception to the rule that a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint." See Davis, 107 F.3d at 1047.

Removal under § 1443 "requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce' that right in the courts" of the state." Id. Specifically, for the first prong, a defendant must demonstrate that the civil rights he or she asserts were denied are "in the

---

[1] Farzan does not allege that removal could have been proper under 28 U.S.C. § 1443(2) and in any case that provision is inapplicable here. See 28 U.S.C. § 1443(2) (permitting removal where a civil action has been initiated against a defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.").

specific language of racial equality" rather than "phrased in terms of general application available to all persons or citizens." State of Ga. v. Rachel, 384 U.S. 780, 792 (1966). For the second prong, it is "expected that the protection of federal constitutional or statutory rights c[an] be effected in . . . state proceedings." Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975). Thus, a denial must usually be "manifest in a formal expression of state law . . . such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." Id. at 219 (internal quotation marks and citation omitted).

Farzan appears to have removed the case primarily because he disagrees with the state court's unfavorable decisions against him. As the District Court properly concluded, Farzan has not identified any New Jersey law that would preclude him from vindicating his federal rights or otherwise shown that the New Jersey courts could not enforce those rights.

Further, none of the federal rights Farzan invoked in his notice of removal specifically provide for racial equality rather than rights generally applicable to all persons. See, e.g., Rachel, 384 U.S. at 792-93 (contrasting laws specifically targeting racial equality, such as the Civil Rights Act of 1964, with those that confer equal rights to all, such as 42 U.S.C. § 1983 and the due process clause). As Farzan cannot meet either prong for removal under 28 U.S.C. § 1443(1), we will affirm the District Court's order to the extent of our jurisdiction.

4